McManus, Appellant, v. Watson.

*Arbitration—Referee—Findings of fact—Account stated.*

A referee's finding of fact that there was no fraud or mistake in an account stated between the parties, when such finding is confirmed by the court below, will not be reversed by the appellate court unless manifest error is made to appear.

Argued Jan. 22, 1906.    Appeal, No. 357, Jan. T., 1905, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1899, No. 406, dismissing exceptions to referee's report in case of Michael McManus v. James V. Watson.    Before MITCHELL, C. J., FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an account.
Exceptions to report of referee.
The opinion of the Supreme Court states the case.

*Error assigned* was the decree of the court.

*F. B. Bracken,* for appellant.

*John G. Johnson,* with him *George R. Van Dusen,* for appellee.

PER CURIAM, March 19, 1906 :
The plaintiff's bill was for discovery, account, and return of

collateral, etc.   It was met by an answer that an account had been stated.   In regard to this the learned referee reported.

" When on December 31, 1897, Watson rendered to McManus an account of the dealings between them to that date and that account was accepted by McManus and a duebill given for the balance shown by it to be payable to Watson, the parties are to be regarded as having reached a settlement of all financial transactions between them to that date, and the settlement thus reached will be opened by a court of equity only upon clear proof of fraud or mistake.   The findings of fact dispose of suggestions of fraud on the part of Watson.   When, therefore, plaintiff undertook to open the account he assumed the burden of proving affirmatively that mistakes have been made and of furnishing the data by which the mistakes might be corrected.   The referee has taken into consideration with the utmost care each of the specifications of error in the account as settled.   In a number of instances he has found that the items of charge or discharge asserted by Watson have not been affirmatively established, but that the items are entitled to stand as stated in the defendant's account if the plaintiff is subject to the self-imposed duty of proving their falsity.   The referee now finds, as a matter of law, that as to all items in the account prior to December 31, 1897, alleged by McManus to have been improperly omitted from the account, the burden of proof rests upon the plaintiff and that he must fail in his attack unless he shows affirmatively and by clear preponderance of evidence that error has been committed.   The referee is of opinion that the plaintiff has failed to discharge the burden of proof resting upon him respecting all items of account except the $1,000 item of credit specified in finding 6."   We have not been convinced of any error in this conclusion of the learned referee.   The case involves only questions of fact the further discussion of which would be of no interest to anyone but the parties.

Judgment affirmed.