# McManus, Appellant, *v.* Watson.

*Arbitration—Referee—Findings of fact.*

A referee's findings of fact as to an amount due on an accounting and as to the existence of after-discovered evidence, confirmed by the court below, will not be disturbed by the appellate court unless manifest error is made to appear.

Submitted Jan. 11, 1909. Appeals, Nos. 150 and 330, Jan. T., 1909, by plaintiff and defendant, from decree of C. P. No. 4, Phila. Co., June T., 1899, No. 406, on bill and cross bill in case of Michael McManus v. James V. Watson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an account.

The case was referred to George W. Pepper, Esq., as referee, who filed various findings of fact and conclusions of law.

Exceptions to the referee's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to referee's report.

*William M. Reese and Wm. W. Lucas,* for appellant.

*George R. Van Dusen,* and *John G. Johnson,* for appellee.

OPINION BY MR. JUSTICE FELL, March 1, 1909:

These appeals may be considered together. The controversy is between the same parties and grows out of the same subject-matter. This cause came originally before the common pleas on a bill filed by the plaintiff for discovery, account and return of collaterals, etc., and a cross bill filed by the defendant. The referee to whom by agreement of the parties the causes were referred reported that the plaintiff in the original bill was indebted to the defendant, and recommended a decree dismissing his bill, retaining the cross bill, and directing the defend-

ant to sell at public sale the lease of a quarry and certain personal property assigned to him as collateral security for the plaintiff's indebtedness, and to account before the referee for the proceeds of the sale and for the operation of the quarry,— the profits, if any, in operating the quarry to be deducted from the amount before found to be due by the defendant in the cross bill and the losses, if there were losses, to be added thereto. The decree entered in the common pleas in pursuance of the recommendation of the referee was appealed from. The appeal was dismissed and the decree affirmed March 19, 1906: see 214 Pa. 652.

After the sale of the property mentioned the referee made a thorough examination of the accounts in relation to the operation of the quarry and made a finding as to the amount due the plaintiff in the cross bill, which included the proceeds of the sale and the profits resulting from the operation of the quarry property. The 144 exceptions filed to the report were dismissed, and a decree was entered directing the payment forthwith of the amount found by the referee to be due. Appeal No. 330 is from the decree entered.

The appeal in No. 150 is from an order of the court discharging a rule to show cause why the decree entered in favor of the defendant in the original bill should not be vacated, the findings of fact set aside, the case opened, and the plaintiff permitted to take further testimony. After the affirmance on March 19, 1906, of the decree directing the sale of the quarry property above referred to and while exceptions to the second report of the referee were pending in the common pleas, a petition was presented to this court in which it was averred that the plaintiff had come into possession of evidence not before obtainable, which would show that the testimony on which the findings of fact by the referee were based was untrue and the decree obtained was inequitable. On examination of the petition leave was granted to the petitioner to present the application to the common pleas, and that court was authorized to examine and determine by referring the matter to the referee, or otherwise, as might by it be deemed best, whether justice required any further order and, if so, to make such

further order.    The court of common pleas referred the petition and answer to the referee in the case to take testimony and report the same with his findings of fact and law to it.    The referee reported to the court that no evidence had been produced before him which was after-discovered evidence, and that no cause had been shown which in his opinion would justify a reopening or modification of the decree.    Whereupon the rule was discharged by the court.

Passing as unworthy of comment the unjust reflections on the conduct of the learned referee who, notwithstanding great provocation because of the gross misconduct of the appellant, conducted the hearings with admirable patience and forbearance, the assignments of error present only questions of fact. The findings of fact by a referee, confirmed by the court, will not be disturbed unless manifest error is made to appear. From a careful examination of the record we not only find no error, but are convinced that the conclusions reached are correct.    It may be said of them, as it was said on the former appeal in this case, that they involved only questions of fact, the further discussion of which would be of interest to no one but the parties.

Both decrees are affirmed at the cost of the appellant.